## MATTER OF THE PETITION OF SHARP.

*Estoppel — petition for local improvement.*

The authorities of a city were authorized to repave streets only on the written application of a majority of the owners of property adjoining said streets. *Held,* that one who signed a petition for the repavement of a street was not estopped thereby from denying the legality of an assessment for such repavement, on the ground that a majority of the property owners had not signed the petition. (*See note, p.* 428.)

THIS was an appeal by the city of Brooklyn from an order of the special term, vacating and setting aside an assessment on petitioner's lot for repaving St. Felix street in said city.

By section 6, chap. 652, Laws 1870, the Board of Water and Sewerage commissioners of the city of Brooklyn had the exclusive authority to repave streets in said city, but they were not to repave a street with any other kind of pavement than that already thereon, except upon the application in writing of a majority of the owners of the land fronting on the street. In 1870 the petitioner, Sharp, with about fifty other owners of property abutting on St. Felix street (which was at the time paved with cobble stones), petitioned in writing the said Board of Water and Sewerage commissioners to have

said street paved with the Nicholson pavement. Acting upon said petition the board caused said street to be so paved, and assessed a portion of the expense thereof upon the land of said Sharp. The latter brought this proceeding to vacate such assessment, on the ground that a majority of the owners of property adjoining the street had not signed the petition.

The court below found that a majority of such property owners had not asked for a repavement of said street with another and different kind of pavement, and that petitioner, by signing the petition for such repavement, was not estopped from denying that the assessment therefor was improperly made. The assessment was, therefore, vacated and set aside as to the petitioner.

*M. C. De Witt* and *Jesse Johnson,* for appellant. The respondent was estopped from denying that the petition was proper and sufficient to empower the authorities to proceed thereunder. 1 Greenl. Ev., §§ 207, 210; *Hawley* v. *Griswold,* 42 Barb. 18; *Battershall* v. *Davis,* 31 id. 323.

*D. P. Barnard,* for respondent.

BARNARD, P. J. The Board of Water and Sewerage commissioners repaved a portion of St. Felix street with Nicholson pavement, which had before been paved with .cobble stone. Under existing law the commissioners were not authorized to act, unless upon an application signed by a majority of the land owners fronting on the street so repaved asking for it. The petitioner signed a petition asking for the repavement, but a majority of the owners did not.

The assessment in question was imposed without right. Before the assessment could be imposed, the petition must have been presented. The petitioner, by signing, lost no right to object, if less than the legal number signed the petition.

· *Order affirmed with costs.*

NOTE.—See *contra, City of Burlington* v. *Gilbert,* 31 Iowa, 356; 7 Am. Rep. 143. In that case the city charter provided as follows: "The city council shall have power to cause to be opened, paved, repaved or improved, any street, lane, alley, market-space or public landing, on petition of not less than two-thirds of the number of owners of any square, or parts of a square of said city, bounding or abutting on such street," etc. The defendant with others signed and presented a petition for the improvement of a street, and the city council thereupon caused the improvement to be made. *Held,* that the defendant was estopped from claiming that the assessment of a tax for such improvement was unauthorized and illegal, on the ground that two-thirds of the abutting owners did not join in the petition. See opinion of MILLER, P. J., in *People* v. *Wagoner, ante,* p. 222.—REP.